Boris Zelkind (SBN 214,014)
boris.zelkind@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Plaintiff
CLUB CANNON, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLUB CANNON, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CRYOFX LLC, a Nevada limited liability company, CO2 CANNON, LLC, a Nevada limited liability company, KRIS MULLINS, an individual, KENNY MULLINS, an individual, and CHRIS JOSLIN, an individual,<br><br>Defendants. | Civil Action No. '17CV0835 WQHWVG<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, ANTICYBERSQUATTING, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Club Cannon, LLC hereby complains of Defendants CryoFX LLC, CO2 Cannon, LLC, Kris Mullins, Kenny Mullins, and Chris Joslin (collectively, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for: (a) trademark infringement arising under 15 U.S.C. § 1114, (b) false designation of origin arising under 15 U.S.C. § 1125(a), (c) statutory trademark infringement under California Business & Professions Code § 14245, (d) unfair competition arising under California Business & Professions Code § 17200 *et seq.*, (e) trademark infringement arising under the common law of the State of California, (f) anticybersquatting arising under 15 U.S.C. § 1125(d)(1)(A), and (g) unfair competition arising under the common law of the State of California.

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), (c), and (d).

## THE PARTIES

4. Plaintiff Club Cannon, LLC ("Club Cannon" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of California having a principal place of business at 843 Via Esteban, Suite 1, San Luis Obispo, CA 93401.

5. Upon information and belief, Defendant CryoFX, LLC ("CryoFx") is a limited liability company organized and existing under the laws of the State of Nevada having a principal place of business at 4341 Twain Avenue, San Diego, CA 92120.

6. Upon information and belief, Defendant CO2 Cannon, LLC ("CO2 Cannon") is a limited liability company organized and existing under the laws of the State of Nevada having a place of business at 3245 University Ave Suite

1-327, San Diego, CA 92104 and another place of business at 6029 Fairmount Avenue, San Diego, California 92120.

7. Upon information and belief, Defendant Kris Mullins is an individual residing in San Diego, California.

8. Upon information and belief, Defendant Kenny Mullins is an individual residing in San Diego, California.

9. Upon information and belief, Defendant Chris Joslin is an individual residing in San Diego, California.

10. Defendants are subject to the general and specific jurisdiction of this Court by virtue of its continuous, systematic, and substantial presence within this Judicial District, and by committing acts of trademark infringement, false designation of origin, cybersquatting and unfair competition in this Judicial District, which acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

**ALLEGATIONS FOR ALL CLAIMS OF RELIEF**

11. Plaintiff designs, produces and markets carbon dioxide special effects equipment and accessories, including, but, not limited to, handheld CO2 guns, stationary jets, electronic control systems, and lighting attachments. This special effects equipment is used at live performances, concerts, sporting events and private parties.

12. Plaintiff's special effects CO2 guns, jets and lighting systems are used by entertainers to generate energy and excitement in the audience. The devices can be found at night clubs, arenas, and theaters. Famous performers such as the Chainsmokers, Kaskade, David Guetta, Lil Jon, and Maki, to name a few, use Plaintiff's Club Cannon brand special effects CO2 equipment. Plaintiff's Club Cannon brand products are also used at LA Clippers basketball games.

13. Since at least as early as December 2012, Plaintiff has been continuously using the trademark CLUB CANNON in connection with special effects CO2 equipment and accessories.

14. Initially Plaintiff only offered one handheld CO2 gun and certain accessories. As the company grew, Club Cannon expanded its product offerings to include stationary jets, LED attachments, single and multi-zone controllers, fittings, tools, hoses, CO2 tank covers and apparel.

15. On or about April 14, 2014, Plaintiff filed a trademark application with the Secretary of State for the State of California for the mark "CLUB CANNON" in connection with "Special effects apparatus for producing carbon dioxide mist; Protective carrying cases and packs specially adapted for used in connection with special effects apparatus; Accessories for special effects apparatus." On May 8, 2014, the State of California issued a Certificate of Registration No. 115,431 ("CA Registration") for the trademark "CLUB CANNON." A true and correct copy of the CA Registration is attached to this Complaint as Exhibit 1 and incorporated herein by reference.

16. On April 16, 2014, Plaintiff filed a trademark application in the United States Patent and Trademark Office (the "Trademark Office") for the trademark "CLUB CANNON" for use in connection with "special effects apparatus, namely, a hand held nozzle and hose dispenser for producing carbon dioxide mist; protective carrying cases and packs specially adapted for use in connection with a special effects hand held nozzle and hose dispenser." On December 2, 2014, the Trademark Office granted Plaintiff's Trademark Registration No. 4,648,696 ("the '696 Registration"). A true and correct copy of the '696 Registration is attached to this Complaint as Exhibit 2 and incorporated herein by reference.

17. Since at least as early as 2012, Plaintiff's use of the CLUB CANNON mark has been continuous and exclusive.

18. Over the years, Plaintiff has spent a considerable amount of time and money in establishing the CLUB CANNON trademark in the minds of consumers as a source of high quality special effects entertainment products. As a result of Plaintiff's substantial use and promotion of its CLUB CANNON trademark in connection with its products, the mark has acquired great value as a specific identifier of Plaintiff's products and serves to distinguish Plaintiff's products from that of others. Customers in this Judicial District and elsewhere readily recognize Plaintiff's CLUB CANNON trademark as a distinctive designation of origin of Plaintiff's products. Plaintiff's CLUB CANNON trademark is an intellectual property asset of great value as a symbol of Plaintiff's quality products and goodwill.

19. By virtue of Plaintiff's widespread and continuous use of its CLUB CANNON mark, Plaintiff has established extensive common law rights in its CLUB CANNON mark.

20. Defendants are engaged in the business of producing, distributing, marketing, and/or selling carbon dioxide special effects products and accessories in this Judicial District and elsewhere.

21. At no time has Plaintiff ever given Defendants a license, permission or authority to use or display Plaintiff's CLUB CANNON mark in connection with any of Defendants' products.

22. Without permission or consent from Plaintiff, Defendants started marketing, advertising and selling special effects CO2 guns using the name "CLUB CANNON."

23. Plaintiff is informed and believes, and on that basis alleges, that Defendants made their infringing "CLUB CANNON" branded special effects CO2 guns on their cryocannon.com website, as well as Amazon.com, eBay, and other online marketplaces.

24. Plaintiff is informed and believes, and on that basis alleges, that Defendants used the CLUB CANNON mark in paid keyword search advertising as a keyword and in ad text on Google.com and Bing.com search engines.

25. Additionally, Plaintiff is informed and believes, and on that basis alleges, that Defendants acquired several domains containing the name CLUB CANNON without authorization from Plaintiff, including clubcannon.co, clubcannonpromocode.com, and clubcannonco2.com. Defendants have maintained an active website at www.clubcannon.co domain, which redirects traffic to its www.co2cannon.com website.

26. Plaintiff is informed and believes, and on that basis alleges, that Defendants copied and continue to copy the look and feel of Plaintiff's www.clubcannon.com website on numerous websites operated by Defendants. Defendants have copied images and text from Plaintiff's website, including certain product descriptions.

27. On April 23, 2014, after learning of Defendants' unauthorized use of Plaintiff's "CLUB CANNON" mark, Plaintiff sent Defendants Kris Mullins, Kenny Mullins, and CryoFX a cease and desist letter. In the letter Plaintiff described its rights in the "CLUB CANNON" mark and demanded that Defendants cease "all uses of the CLUB CANNON™ in its advertising in all forms of media." A true and correct copy of the April 23, 2014 cease and desist letter is attached to this Complaint as Exhibit 3 and incorporated herein by reference.

28. The April 23, 2014 cease and desist letter seemed to have the desired effect. Within a week, by April 29th, Plaintiff noticed changes in Defendants' advertising that appeared to demonstrate Defendants' efforts to comply with Plaintiff's cease and desist demand. Plaintiff noticed that Defendants' website removed numerous references to the "CLUB CANNON" name.

29. However, rather than continuing to remove all references to CLUB CANNON, about a year later, Plaintiff noticed that Defendants reverted to using the "CLUB CANNON" mark in its online advertising of its special effects CO2 guns. On May 21, 2015, Plaintiff sent a follow up cease and desist letter to Defendants, notifying them that Plaintiff was aware "that CryoFx is once again infringing the CLUB CANNON trademark…" Plaintiff emphasized that "Club Cannon does not consent to any use of the its trademark by CryoFX, and Club Cannon considers that any and all use of CLUB CANNON by CryoFX in the manners described above is a blatant and willful infringement of its federal and state trademark rights." A true and correct copy of the May 21, 2015 cease and desist letter is attached to this Complaint as Exhibit 4 and incorporated herein by reference.

30. On June 2, 2015, rather than comply with Club Cannon's renewed cease and desist demand, Defendant CryoFX filed a Petition to Cancel the '696 Registration in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board ("Cancellation Proceeding"). In the Cancellation Proceeding, CryoFX alleged, for the first time, that it actually started using the CLUB CANNON name prior to Plaintiff. A true and correct copy of the Petition to Cancel is attached to this Complaint as Exhibit 5 and incorporated herein by reference.

31. During the course of the Cancellation Proceeding, CryoFX could not produce any evidence of prior use of the CLUB CANNON name other that two self-serving invoices of dubious origin.

32. Plaintiff is informed and believes, and on that basis alleges, that Defendants' unauthorized use of the name "CLUB CANNON" is intended to trade upon the goodwill and substantial recognition associated with Plaintiff's trademark.

33. Plaintiff is informed and believes, and on that basis alleges, that Defendants are using the "CLUB CANNON" name in an attempt to associate their products with Plaintiff and Plaintiff's CLUB CANNON mark, to cause mistake or deception as to the source of Defendants' products and/or to otherwise trade upon Plaintiff's valuable reputation and customer goodwill in its mark.

34. Plaintiff is informed and believes, and on that basis alleges, that Defendants' use of the "CLUB CANNON" name is designed to cause confusion, mistake, or deception.

35. By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Plaintiff's business reputation, caused a strong likelihood of consumer confusion, mistake, and deception as to the source of or origin or relationship of Plaintiff's and Defendants' goods, has caused actual confusion, and has otherwise competed unfairly with Plaintiff by unlawfully trading on and using Plaintiff's CLUB CANNON mark without Plaintiff's permission or consent.

36. Plaintiff is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

37. Defendants' acts complained of herein have caused damage to Plaintiff in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from its wrongful acts and infringement.

38. Defendants' acts complained of herein have caused Plaintiff to suffer irreparable injury to its business. Plaintiff will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from its wrongful actions complained of herein.

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement Under 15 U.S.C. § 1114)**

39. Plaintiff realleges Paragraphs 1-38, as if fully set forth herein.

40. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

41. Plaintiff is the owner of Federal Trademark Registration No. 4,648,696 for the trademark "CLUB CANNON" for use in connection with "special effects apparatus, namely, a hand held nozzle and hose dispenser for producing carbon dioxide mist; protective carrying cases and packs specially adapted for use in connection with a special effects hand held nozzle and hose dispenser."

42. Defendants have used in commerce, without permission of Plaintiff, reproductions, copies or colorable imitations of Plaintiff's CLUB CANNON mark in connection with distributing, selling, offering for sale, advertising, and/or promoting Defendants' special effects CO2 guns and accessories.

43. Without permission of Plaintiff, Defendants are reproducing, copying, or colorably imitating Plaintiff's CLUB CANNON mark and applying such reproductions, copies or colorable imitations to merchandise, labels, signs, packages, receptacle or advertisements intended to be used in commerce upon or in connection with the distributing, selling, offering for sale, advertising and/or promoting of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

44. Plaintiff is informed and believes, and on that basis alleges, that the activities of Defendants complained of herein constitute willful and intentional infringements of Plaintiff's CLUB CANNON mark, and that Defendants did so with the intent to unfairly compete against Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers

and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by, originated from, or are approved by Plaintiff, when in truth and fact they are not.

45. Plaintiff is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Plaintiff's ownership and prior use of Plaintiff's CLUB CANNON mark and without the consent of Plaintiff has willfully violated 15 U.S.C. § 1114.

46. Defendant's actions have injured Plaintiff and damaged Plaintiff in an amount to be determined at trial.

47. By its actions, Defendants have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin Under 15 U.S.C. § 1125(a))**

48. Plaintiff hereby realleges Paragraphs 1-47, as if fully set forth herein.

49. This is a claim for false designation of origin arising under 15 U.S.C. § 1125(a).

50. Without Plaintiff's consent, Defendants have created and will create a false designation of origin by using in commerce the "CLUB CANNON" mark and/or other marks confusingly similar to Plaintiff's CLUB CANNON mark in connection with the distribution, sale, offering for sale, advertising, and/or promotion of Defendants' special effects CO2 guns and accessories, thereby causing a likelihood of confusion, mistake or deception as to an affiliation, connection or association with Plaintiff or to suggest Plaintiff as the origin of the goods and/or services, or that Plaintiff has sponsored or approved Defendants' commercial activities.

51. Plaintiff is informed and believes, and on that basis alleges, that Defendants acted with the intent to unfairly compete against Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by or approved by Plaintiff, when they are not.

52. Plaintiff is informed and believes, and on that basis alleges, that Defendants have knowledge of Plaintiff's ownership and prior use of the CLUB CANNON trademark, and without the consent of Plaintiff, has willfully violated 15 U.S.C. § 1125(a).

53. Defendants' actions have injured and damaged Plaintiff in an amount to be determined at trial.

54. By its actions, Defendants have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

**<u>THIRD CLAIM FOR RELIEF</u>**

**(Anticybersquatting)**

55. Plaintiff hereby realleges Paragraphs 1-54, as if fully set forth herein.

56. This is a federal anticybersquatting claim arising under 15 U.S.C. § 1125(d)(1)(A).

57. Defendants have acted with a bad faith intent to profit from Plaintiff's CLUB CANNON trademark which is registered with the Trademark Office as Registration No. 4,648,696.

58. Defendants have registered and used the domain name "www.clubcannon.co" which is essentially identical to Plaintiff's CLUB CANNON trademark which was distinctive at the time of Defendant's domain

name registration and use. Defendants have also acquired the domain names “www.clubcannonpromocode.com” and “www.clubcannonco2.com” which contain Plaintiff’s CLUB CANNON trademark.

59. Plaintiff’s use of Plaintiff’s CLUB CANNON trademark began long before any acquisition or use by Defendants of the domain names “clubcannon.co,” “clubcannonpromocode.com,” and “clubcannonco2.com.”

60. Defendants have no legitimate trademark or other intellectual property rights in the domain names “clubcannon.co,” “clubcannonpromocode.com,” and “clubcannonco2.com.”

61. CLUB CANNON is not the legal name of, or a name commonly used to identify, Defendants.

62. Upon information and belief, Defendants intend for purposes of commercial gain, to divert customers from Plaintiff’s website to Defendants’ “www.clubcannon.co” website, and such diversion of customers will harm the goodwill represented by Plaintiff’s CLUB CANNON trademark by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants’ “www.clubcannon.co” website.

63. Defendants did not and do not have reasonable grounds to believe, and upon information and belief, did not believe, that their use or ownership of the “clubcannon.co,” “clubcannonpromocode.com,” and “clubcannonco2.com” domain names was fair use or otherwise lawful.

## FOURTH CLAIM FOR RELIEF

**(Statutory Trademark Infringement Under California Business & Professions Code § 14245)**

64. Plaintiff hereby realleges Paragraphs 1-63 of this Complaint, as if fully set forth herein.

65. This is an action for statutory trademark infringement under California Business & Professions Code § 14245.

66. Plaintiff registered the CLUB CANNON mark in connection with special effects apparatus for producing carbon dioxide mist; protective carrying cases and packs specially adapted for used in connection with special effects apparatus; accessories for special effects apparatus, and owns California Trademark Registration No. 115,431.

67. Defendants have used and are using in commerce reproductions, counterfeits, copies, or colorable imitations of Plaintiff's CLUB CANNON trademark in connection with the advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of Defendants' products, including special effects CO2 guns and accessories.

68. Club Cannon has not authorized or consented to Defendants' use of its trademarks.

69. Defendants' unauthorized use of the CLUB CANNON mark is likely to cause confusion, or to cause mistake, or to deceive as to the source of origin of Defendants' products, in violation of California Business and Professions Code § 14245.

70. Defendants acted willfully, with the intent to harm Plaintiff, and to trade on Plaintiff's reputation and goodwill.

71. On information and belief, Defendants profited from their infringing conduct.

72. Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

73. Defendants, by their actions, have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

/ / /

/ / /

**FIFTH CLAIM FOR RELIEF**

**(California Statutory Unfair Competition Under Cal. Bus. & Prof. Code § 17200)**

74. Plaintiff hereby realleges Paragraphs 1-73, as if fully set forth herein.

75. This is a claim for unfair competition arising under Cal. Bus. & Prof. Code § 17200, *et seq*.

76. By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the consumers and public and has unfairly competed in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

77. Defendants' acts complained of herein constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Plaintiff.

78. As a direct and proximate result of Defendants' acts complained of herein, Plaintiff has and will continue to suffer great harm. Plaintiff will continue to be irreparably harmed unless Defendants are enjoined from further committing unfair and unlawful business practices against Plaintiff.

**SIXTH CLAIM FOR RELIEF**

**(Trademark Infringement Under the Common Law of the State of California)**

79. Plaintiff hereby realleges Paragraphs 1-78, as if fully set forth herein.

80. This is an action for trademark infringement under the common law of the State of California.

81. Defendants' acts complained of herein constitute trademark infringement under the common law of the state of California. Defendants' aforementioned acts are willful and deliberate and committed with knowledge

that Defendants' unauthorized use of the CLUB CANNON mark will cause a likelihood of confusion.

82. Defendants' aforementioned acts have injured Plaintiff and damaged Plaintiff in an amount to be determined at trial.

83. By its actions, Defendants have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

84. Defendants' willful acts of trademark infringement under California common law constitute fraud, oppression and malice. Accordingly, Plaintiff is entitled to exemplary damages.

**SEVENTH CLAIM FOR RELIEF**

**(California Common Law Unfair Competition)**

85. Plaintiff hereby realleges Paragraphs 1-84, as if fully set forth herein.

86. This is a claim for common law unfair competition arising under the common law of the State of California.

87. By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Plaintiff in violation of the common law of the State of California.

88. By its actions, Defendants have injured and violated the rights of Plaintiff in an amount to be determined at trial.

89. By its actions, Defendants have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

90. Defendants' willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, Plaintiff is entitled to exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to award Plaintiff the following relief:

A. That the Court render a final judgment in favor of Plaintiff and against Defendants on all claims for relief alleged herein;

B. That the Court render a final judgment declaring that Defendants have violated and willfully violated the provisions of 15 U.S.C. § 1114 by infringing Plaintiff's trademark rights in its federally registered CLUB CANNON trademark;

C. That the Court render a final judgment declaring that Defendants have violated and willfully violated the provisions of 15 U.S.C. § 1125(a) by falsely designating the origin of Defendants' products and unfairly competing with Plaintiff through the marketing, sale and promotion of Defendants' products using the name "CLUB CANNON";

D. That the Court render a final judgment declaring that Defendants have violated California Business and Professions Code §§17200, *et seq*. by unfairly competing with Plaintiff;

E. That the Court render a final judgment declaring that Defendants have violated the federal anticybersquatting provision of 15 U.S.C. § 1125(d)(1)(A);

F. The Court render a final judgment declaring Defendants have violated California common law by infringing Plaintiff's trademark rights in its federally registered CLUB CANNON mark;

G. The Court render a final judgment declaring Defendants have violated California common law by unfairly competing with Plaintiff;

H. That Defendants, their agents, servants, employees, attorneys, successors, and assigns, including officers and principals of Defendants, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

1. using to market, advertise, promote, distribute, sell, offer for sale, and/or identify Defendants' goods the mark "CLUB CANNON" or any mark that is confusingly similar to Plaintiff's CLUB CANNON mark or is likely to create the erroneous impression that Defendants' goods or services originate from Plaintiff, are endorsed by Plaintiff, or are connected in any way with Plaintiff;

2. manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing the mark "CLUB CANNON," and/or any confusingly similar marks;

3. registering, owning, and/or using the domain names "clubcannon.co," "clubcannonpromocode.com," "clubcannonco2.com," and/or any other domain name that is confusingly similar to Plaintiff's CLUB CANNON mark;

4. filing any applications for registration of any trademarks confusingly similar to Plaintiff's CLUB CANNON mark;

5. otherwise infringing Plaintiff's CLUB CANNON mark;

6. falsely designating the origin of Defendants' goods;

7. unfairly competing with Plaintiff in any manner whatsoever; and

8. causing a likelihood of confusion or injury to Plaintiff's business reputation.

I. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

J. That ownership of the "clubcannon.co," "clubcannonpromocode.com," and "clubcannonco2.com" domain names be transferred to Plaintiff;

K. That Defendants be required to deliver and destroy within thirty (30) days all devices, literature, advertising, packaging, goods, electronic materials, and other materials bearing the infringing trademark pursuant to 15 U.S.C. § 1118;

L. That Defendants be required to account to Plaintiff for any and all profits derived by Defendants and all damages sustained by Plaintiff by virtue of Defendants' acts complained of herein;

M. That Defendants be ordered to pay over to Plaintiff all damages Plaintiff has sustained as a consequence of the acts complained of herein, subject to proof at trial;

N. That Plaintiff be awarded damages including disgorgement of Defendants' profits due to its infringement, pursuant to 15 U.S.C. § 1117, together with prejudgment and post-judgment interest;

O. That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

P. That Defendants' actions be deemed willful;

Q. That an award of reasonable costs, expenses, and attorneys' fees be awarded to Plaintiff pursuant to at least 15 U.S.C. § 1117;

R. That Plaintiff recover exemplary damages pursuant to California Civil Code § 3294;

S. That interest be awarded on all applicable damages under California Civil Code § 3288; and

T. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 25, 2017 By: *s/ Boris Zelkind*
Boris Zelkind

Attorneys for Plaintiff,
CLUB CANNON, LLC

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 25, 2017

By: *s/ Boris Zelkind*
Boris Zelkind

Attorneys for Plaintiff,
CLUB CANNON, LLC

25700870

# TABLE OF EXHIBITS

**Page #**

Exhibit 1 .......... 20
Exhibit 2 .......... 25
Exhibit 3 .......... 29
Exhibit 4 .......... 32
Exhibit 5 .......... 34

# EXHIBIT 1

# State of California
## Secretary of State

## CERTIFICATE OF REGISTRATION OF TRADEMARK

*I, DEBRA BOWEN,* Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| Trademark Reg. No.: | 115431 |
| Name of Registrant: | CLUB CANNON, LLC |
| Business Address: | 871 Murray Avenue, San Luis Obispo, CA 93405 |
| State of Incorporation/ Organization: | California |
| Date First Used in California: | December 26, 2012 |
| Date First Used Anywhere: | March 8, 2012 |
| Description of Trademark: | CLUB CANNON |
| Description of Goods on which the Trademark is Used: | Special effects apparatus for producing carbon dioxide mist; Protective carrying cases and packs specially adapted for used in connection with the special effects apparatus; Accessories for special effects apparatus |
| Class Number(s): | 11 |
| Date of Registration: | May 8, 2014 |
| Term of Registration Extends to and Includes: | May 8, 2019 |

In accordance with the application filed in this office, the Trademark described above has been duly registered. A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 16th day of May 2014




**DEBRA BOWEN**
**Secretary of State**

# State of California
## Secretary of State

### REGISTRATION OF TRADEMARK OR SERVICE MARK

Pursuant to Business and Professions Code sections 14207 and 14235

**IMPORTANT – Read instructions before completing this form.**

REGISTRATION APPLICATION FOR (Check One): ☒ **TRADEMARK** ☐ **SERVICE MARK**

1. NAME OF OWNER OF MARK (REGISTRANT)
CLUB CANNON, LLC

| 2. BUSINESS ADDRESS OF REGISTRANT | CITY AND STATE | ZIP CODE |
|---|---|---|
| 871 Murray Avenue | San Luis Obispo, CA | 93405 |

3. BUSINESS STRUCTURE OF REGISTRANT (Check One and Complete)

- ☐ CORPORATION (State of Incorporation) ______
- ☒ LIMITED LIABILITY COMPANY (State of Organization) California
- ☐ LIMITED PARTNERSHIP (State of Organization) ______
- ☐ GENERAL PARTNERSHIP (State of Organization) ______
- ☐ SOLE PROPRIETOR
- ☐ SPOUSES, AS COMMUNITY PROPERTY
- ☐ DOMESTIC PARTNERS, AS COMMUNITY PROPERTY
- ☐ OTHER (Describe) ______

4. NAMES OF GENERAL PARTNERS, IF REGISTRANT IS A PARTNERSHIP

5. NAME AND/OR DESIGN OF MARK. (For design, provide a brief written description that can be pictured in the mind without reference to the specimens. Do not draw the design on the application. Attach a drawing of the mark.)

CLUB CANNON

6. DISCLAIMER (If Applicable) NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE TERM:

| 7a. DATE THE MARK WAS FIRST USED IN CALIFORNIA | 7b. DATE THE MARK WAS FIRST USED ANYWHERE |
|---|---|
| December 26, 2012 | March 8, 2012 |

8a. IF A TRADEMARK, LIST SPECIFIC GOODS. IF A SERVICE MARK, LIST SPECIFIC SERVICE.

Special effects apparatus for producing carbon dioxide mist;

Protective carrying cases and packs specially adapted for used in connection with the

special effects apparatus; Accessories for special effects apparatus

8b. CLASS NUMBER(S) 011

THIS SPACE FOR FILING OFFICER USE
TRADEMARK OR SERVICE MARK
REG. NO. 00115431
CLASS NO.(S) 11

FILED
Secretary of State
State of California
MAY 08 2014

9. RETURN ACKNOWLEDGMENT TO: (Type or Print)

NAME: Melissa McGann Babu
ADDRESS: Babu Law Firm, A Professional Corporation
1037 Mill Street
CITY/STATE/ZIP: San Luis Obispo, CA 93401

SEC/STATE TM 100 (REV. 08/2010)

FILING FEE: $70.00 PER CLASSIFICATION

10. INDICATE WHETHER AN APPLICATION TO REGISTER THE MARK, OR PORTIONS, OR A COMPOSITE THEREOF, HAS BEEN FILED BY THE REGISTRANT OR A PREDECESSOR IN INTEREST WITH THE UNITED STATES PATENT AND TRADEMARK OFFICE.

FILING DATE ________________ SERIAL/FILE NO. ____________________ STATUS OF APPLICATION ____________________________

IF REFUSED, WHY? ________________________________________________________________

☒ CHECK HERE IF THIS ITEM DOES NOT APPLY

11. MANNER IN WHICH THE MARK IS USED (Check all that apply)

**FOR TRADEMARKS ONLY**

- ☒ ON LABELS AND TAGS AFFIXED TO THE GOODS
- ☒ ON LABELS AND TAGS AFFIXED TO CONTAINERS OF THE GOODS
- ☒ BY PRINTING IT DIRECTLY ONTO THE GOODS
- ☐ BY PRINTING IT DIRECTLY ONTO THE CONTAINERS OF THE GOODS
- ☐ OTHER ______________________________________

**FOR SERVICE MARKS ONLY**

- ☐ ON BUSINESS SIGNS
- ☐ ON ADVERTISING BROCHURES
- ☐ ON ADVERTISING LEAFLETS
- ☐ ON BUSINESS CARDS
- ☐ ON LETTERHEADS
- ☐ ON MENUS
- ☐ OTHER ____________________

12. SPECIMENS (Check one box below and enclose three (3) identical original specimens showing current use of the mark.)

**FOR TRADEMARKS ONLY**

- ☐ ACTUAL LABELS
- ☐ ACTUAL TAGS
- ☒ PHOTOGRAPHS OF GOODS/CONTAINERS SHOWING THE TRADEMARK
- ☐ FRONT PANELS OF A PAPER CONTAINER BEARING THE TRADEMARK
- ☐ OTHER ______________________________________

**FOR SERVICE MARKS ONLY**

- ☐ BUSINESS CARDS
- ☐ ADVERTISING BROCHURES
- ☐ ADVERTISING LEAFLETS
- ☐ MENUS SHOWING THE MARK
- ☐ OTHER ____________________

13. DECLARATION OF OWNERSHIP

Applicant declares that the applicant is the owner of the mark, that the mark is in use, and that to the knowledge of the person verifying the application, no other person has registered in this state, or has the right to use the mark, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion, to cause mistake, or to deceive.

14. DECLARATION OF ACCURACY

00115431

Applicant declares that all the information contained in this registration is accurate and if the applicant willfully states in the registration any material fact that the applicant knows to be false, the applicant shall be subject to a civil penalty of not more than ten thousand dollars ($10,000.00).

April 14, 2014
DATE

[signature]
SIGNATURE OF AUTHORIZED PERSON

Patrick C. Grow, Manager of Club Cannon, LLC
TYPE OR PRINT NAME AND TITLE

00115431

## DRAWING PAGE

**Applicant:**
Club Cannon, LLC
871 Murray Avenue
San Luis Obispo, CA 93405

**Mark**:

# CLUB CANNON

A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR

REPRODUCTION OF TRADEMARK REG. NO. 00115431




SEC/STATE FORM TM-107-S

# EXHIBIT 2

# United States of America

## United States Patent and Trademark Office

# CLUB CANNON

**Reg. No. 4,648,696**

**Registered Dec. 2, 2014**

**Int. Cl.: 11**

**TRADEMARK**

**PRINCIPAL REGISTER**

CLUB CANNON, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
871 MURRAY AVENUE
SAN LUIS OBISPO, CA 93405

FOR: SPECIAL EFFECTS APPARATUS, NAMELY, A HAND HELD NOZZLE AND HOSE DISPENSER FOR PRODUCING CARBON DIOXIDE MIST; PROTECTIVE CARRYING CASES AND PACKS SPECIALLY ADAPTED FOR USE IN CONNECTION WITH A SPECIAL EFFECTS HAND HELD NOZZLE AND HOSE DISPENSER, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 3-8-2012; IN COMMERCE 12-26-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-253,640, FILED 4-16-2014.

DANNEAN HETZEL, EXAMINING ATTORNEY

Michelle K. Lee

Deputy Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Please note that U.S. Customs & Border Protection (CBP), a bureau of the Department of Homeland Security, maintains a trademark recordation system for marks registered at the United States Patent and Trademark Office. Parties who register their marks on the Principal Register may record these marks with CBP, to assist CBP in its efforts to prevent the importation of goods that infringe registered marks. The recordation database includes information regarding all recorded marks, including images of these marks. CBP officers monitor imports to prevent the importation of goods bearing infringing marks, and can access the recordation database at each of the 317 ports of entry.

CBP's Intellectual Property Rights e-Recordation (IPRR) system, located at https://apps.cbp.gov/e-recordations/, allows right holders to electronically file IPR recordation applications, thus significantly reducing the amount of time normally required to process paper applications. Some additional benefits of the system include:

- Elimination of paper applications and supporting documents.
- Copies of the certificate issued by the registering agency (U.S. Patent and Trademark Office or the Copyright Office) are retained by the right holder, not submitted to CBP.
- Payment by credit card (preferred), check or money order.
- Ability to upload images of the protected work or trademark, thus obviating the need to send samples to CBP.
- Reduced time from filing of the application to enforcement by field personnel.

Information about how to obtain a recordation, and about CBP's Intellectual Property Rights border enforcement program, is available at CBP's web site, www.cbp.gov.

# WARNING FROM THE USPTO
# CONCERNING UNOFFICIAL TRADEMARK SOLICITATIONS

Please be aware that private companies not associated with the United States Patent and Trademark Office (USPTO) often use trademark application and registration information from the USPTO's databases to mail or e-mail trademark-related solicitations. These may include offers: (1) for legal services; (2) for trademark monitoring services; (3) to record trademarks with U.S. Customs and Border Protection; and (4) to "register" trademarks in a private registry.

These companies may use names that resemble the USPTO name, including, for example, one or more of the terms "United States," "U.S.," "Trademark," "Patent," "Registration," "Office," or "Agency." Increasingly, some companies attempt to make their solicitations mimic the look of official government documents rather than the look of a typical commercial or legal solicitation by emphasizing official government data like the USPTO application serial number, the registration number, the International Class(es), filing dates, and other information that is publicly available from USPTO records. Many refer to other government agencies and sections of the U.S. Code. Most require "fees" to be paid.

Some applicants and registrants have reported paying fees to these private companies, mistakenly thinking that they were paying required fees to the USPTO. So, be sure to read trademark-related communications carefully before making a decision about whether to respond. **All official correspondence will be from the "United States Patent and Trademark Office" in Alexandria, VA, and if by e-mail, specifically from the domain "@uspto.gov."**

If you receive a trademark-related solicitation that you believe is deceptive, you may file an on-line consumer complaint with the Federal Trade Commission ("FTC"), at www.FTC.gov. Although the FTC does not resolve individual consumer complaints, it may institute, as the nation's consumer protection agency, investigations and prosecutions based on widespread complaints about particular companies or business practices.

For further information about, as well as several examples of, these non-USPTO solicitations, please visit the page on the www.USPTO.gov website entitled "**WARNING: Non-USPTO Solicitations That May Resemble Official USPTO Communications**."

# EXHIBIT 3

BABU LAW FIRM
A PROFESSIONAL CORPORATION

Melissa McGann Babu
1037 Mill Street
San Luis Obispo, CA 93401
(805) 439-3006 *ph*
(805) 439-3007 *fx*
mbabu@BabuLawFirm.com

www.BabuLawFirm.com

April 23, 2014

**Via Certified Mail & E-mail to deejaykrazyk@yahoo.com**
Kristopher C. Mullins
CryoFX LLC
3930 Oregon Street, Suite 245
San Diego, CA 92104

**Via Certified Mail & E-mail to jakatomusic@gmail.com**
Kenny Mullins
CryoFX LLC
3930 Oregon Street, Suite 245
San Diego, CA 92104

**Re: Club Cannon™ Intellectual Property Matters**

Gentlemen:

This firm represents Club Cannon, LLC, a California limited liability company ("Club Cannon") in connection with its intellectual property matters. We are writing to you regarding CryoFX, LLC's use of the term "Club Cannon" in connection with $CO_2$ guns.

Club Cannon is the owner of all right, title, and interest to the CLUB CANNON™ trademark as used with special effects apparatus in the United States, including common law and state rights associated therewith, as evidenced in part by its U.S. Trademark Application No. 86/253,640 for the same in International Class 11. Club Cannon has invested significant time and resources creating goodwill for its CLUB CANNON™ products and now finds it necessary to enforce its rights in the CLUB CANNON™ mark.

We have recently become aware that CryoFX is using the CLUB CANNON™ trademark to market, advertise and sell its CryoFX $CO_2$ gun in such outlets as its own Web site at cryocannon.com, as well as Amazon.com, Univision.com classifieds, CryoFX's Google+ profile, co2jetblaster.com, and co2jetforsale.com. In addition, we are aware that you have purchased clubcannon.co as a domain name. To be clear, Club Cannon has not and does not consent to any use of its trademark by CryoFX. Club Cannon believes CryoFX's use of CLUB CANNON™ in this manner is an infringement of its federal statutory trademark rights.

We understand CryoFX has recently obtained a federal trademark registration for its Cryo FX design (U.S. Registration No. 4,512,836). Our client wants to ensure that you are aware of its rights in its CLUB CANNON™ trademark so as to avoid the risk of confusion in the marketplace. As owners of each company's respective trademarks, we anticipate you are aware of the importance of respecting the intellectual property of third parties.

With the risk of confusion in mind, we are writing to demand that CryoFX immediately cease all uses of CLUB CANNON™ in its advertising in all forms of media. Please contact me within seven (7) days from the date of this letter to discuss CryoFX's voluntary agreement cease these infringements of the CLUB CANNON™ trademark. We will continue to monitor your use in the marketplace.

Please be advised that nothing in this letter should be construed as a waiver of any rights and/or remedies Club Cannon may have at law or at equity, all of which are expressly reserved. Thank you in advance for your cooperation.

Very truly yours,

Melissa McGann Babu

Melissa McGann Babu

cc: Club Cannon, LLC (via e-mail)

Mullins 04-23-14

BABU LAW FIRM
A PROFESSIONAL CORPORATION

Melissa McGann Babu
1037 Mill Street
San Luis Obispo, CA 93401
(805) 439-3006 *ph*
(805) 439-3007 *fx*
mbabu@BabuLawFirm.com

www.BabuLawFirm.com

April 23, 2014

**Via Certified Mail & E-mail to deejaykrazyk@yahoo.com**
Kristopher C. Mullins
CryoFX LLC
3930 Oregon Street, Suite 245
San Diego, CA 92104

**Via Certified Mail & E-mail to jakatomusic@gmail.com**
Kenny Mullins
CryoFX LLC
3930 Oregon Street, Suite 245
San Diego, CA 92104

**Re: Club Cannon™ Intellectual Property Matters**

Gentlemen:

This firm represents Club Cannon, LLC, a California limited liability company ("Club Cannon") in connection with its intellectual property matters. We are writing to you regarding CryoFX, LLC's use of the term "Club Cannon" in connection with $CO_2$ guns.

Club Cannon is the owner of all right, title, and interest to the CLUB CANNON™ trademark as used with special effects apparatus in the United States, including common law and state rights associated therewith, as evidenced in part by its U.S. Trademark Application No. 86/253,640 for the same in International Class 11. Club Cannon has invested significant time and resources creating goodwill for its CLUB CANNON™ products and now finds it necessary to enforce its rights in the CLUB CANNON™ mark.

We have recently become aware that CryoFX is using the CLUB CANNON™ trademark to market, advertise and sell its CryoFX $CO_2$ gun in such outlets as its own Web site at cryocannon.com, as well as Amazon.com, Univision.com classifieds, CryoFX's Google+ profile, co2jetblaster.com, and co2jetforsale.com. In addition, we are aware that you have purchased clubcannon.co as a domain name. To be clear, Club Cannon has not and does not consent to any use of its trademark by CryoFX. Club Cannon believes CryoFX's use of CLUB CANNON™ in this manner is an infringement of its federal statutory trademark rights.

We understand CryoFX has recently obtained a federal trademark registration for its Cryo FX design (U.S. Registration No. 4,512,836). Our client wants to ensure that you are aware of its rights in its CLUB CANNON™ trademark so as to avoid the risk of confusion in the marketplace. As owners of each ... icipate you are aware of the importance of respecting the ...

... we are writing to demand that CryoFX immediately cease all ... ng in all forms of media. Please contact me within seven (7) ... CryoFX's voluntary agreement cease these infringements of the ... ntinue to monitor your use in the marketplace.

... his letter should be construed as a waiver of any rights and/or ... at equity, all of which are expressly reserved. Thank you in ...

Very truly yours,

*Melissa McGann Babu* (signature)

Melissa McGann Babu

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®
SAN DIEGO CA 92104
OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.49 | 0075 |
| Certified Fee | $3.30 | 11 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | APR 23 2014 SAN LUIS OBISPO CA 93401 |
| Total Postage & Fees | $ $3.79 | 04/23/2014 |

Sent To: Kris' Kenny Mullins CryoFX LLC
Street, Apt. No.; or PO Box No.: 3930 Oregon Street, Suite 245
City, State, ZIP+4: San Diego, CA 92104
PS Form 3800, August 2006 See Reverse for Instructions

7013 2250 0000 4334 4864

Babu Law Firm
1037 Mill Street
San Luis Obispo, CA 93401

CERTIFIED MAIL™

7013 2250 0000 4334 4864

UNITED STATES POSTAL SERVICE
1000
92104
U.S. POSTAGE PAID
SAN LUIS OBISPO.C
93401
APR 23. '14
AMOUNT
$3.79
00027146-11

RETURNED TO SENDER
REASON CHECKED
Unclaimed ___ Refused ___
Attempted Not Known ___
Insufficient Address ___
No such street ___ number ___
No such office in state ___
Do not remail in this envelope

Kristopher C. Mullins & Kenny Mullins
CryoFX LLC
3930 Oregon Street, Suite 245
San Diego, CA

NIXIE 918 DE 1 0005/21/14
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
BC: 93401276237 *0977-04412-23-42

93401@2762

# EXHIBIT 4

Knobbe Martens

INTELLECTUAL PROPERTY LAW

KNOBBE, MARTENS, OLSON & BEAR, LLP

12790 El Camino Real, San Diego, CA 92130
T (858) 707-4000

**Jeffrey L. Van Hoosear**
**Jeff.VanHoosear@knobbe.com**

May 21, 2015

**VIA IN PERSON SERVICE AND REGULAR MAIL**

Kristopher C. Mullins
Kenny Mullins
CryoFX LLC
3930 Oregon Street, Suite 245
San Diego, CA 92104
www.cyrofx.com

Kristopher C. Mullins
Kenny Mullins
CryoFX LLC
2519 Polk Ave
San Diego, Ca 92104

Kristopher C. Mullins
Kenny Mullins
CryoFX LLC
6029 Fairmount Ave, Suite A
San Diego, Ca 92120

Re: Trademark Infringement and Unfair Competition
Trademark: **CLUB CANNON**
Our Reference: CCANN.001TIS

Dear Sirs:

This firm represents Club Cannon, LLC, a California limited liability company ("Club Cannon") in connection with intellectual property matters. This letter is in response to CryoFX, LLC's continued infringing use of Club Cannon's registered trademark CLUB CANNON in connection with special effects apparatus for dispensing carbon dioxide mist.

We know that you are already well aware that Club Cannon is the owner of U.S. Trademark Registration No. 4,648,696 for CLUB CANNON for special effects apparatus for dispensing carbon dioxide mist. As you are also well aware, Club Cannon has invested significant time and resources creating goodwill for its CLUB CANNON products, and it has a duty to police and enforce its rights in the CLUB CANNON mark. Club Cannon's contact with you in the past as to your infringement of the CLUB CANNON mark appears to have had only a temporary result.

We are aware that CryoFX is once again infringing the CLUB CANNON trademark to market, advertise and sell its own CryoFX products on numerous ecommerce sites (Amazon, eBay, Goggle, etc.), at its own website (cryocannon.com), and on its blog. A link to an example of the infringing use of CLUB CANNON by CryoFx on its blog is below:

http://www.cryofx.com/blog/category/club-cannon-guns/

Finally, we are monitoring the domain www.clubcannon.co that you acquired. Any use of this domain in connection with CryoFX products, or in any way that disparages or libels Club

Cannon, its CLUB CANNON mark or its CLUB CANNON products would be actionable.

Club Cannon does not consent to any use of its trademark by CryoFX, and Club Cannon considers that any and all use of CLUB CANNON by CryoFX in the manners described above is a blatant and willful infringement of its federal and state trademark rights.

Your actions constitute willful trademark infringement and unfair competition in violation of Club Cannon's intellectual property rights. **These federal and state intellectual property laws carry heavy penalties including, but not limited to, monetary damages, punitive damages, treble damages, award of attorneys' fees and injunctive relief.**

While Club Cannon had previously sought to resolve this matter without resorting to litigation, it must now demand that CryoFX immediately cease all use of CLUB CANNON in any and all advertising and in any and all forms of media.

Due to the seriousness of this matter, and that fact that Club Cannon has previously contacted you in the past as to prior infringing acts, we must demand that you provide us with written assurances that your company will comply with the requests set forth above **within the next five (5) business days**. Once we have such written assurances, we can proceed with a resolution that meets the needs of Club Cannon.

If Club Cannon does not hear from you as demanded above, we must assume that you do not intend to comply with the demands. Club Cannon will proceed to protect and enforce its valuable intellectual property rights in its CLUB CANNON registered trademark.

Please be advised that nothing in this letter should be construed as a waiver of any rights and/or remedies Club Cannon may have at law or at equity, all of which are expressly reserved.

We look forward to promptly hearing from you or your attorney.

Sincerely,

Jeffrey L. Van Hoosear

cc: Pat Grow, Club Cannon, LLC

20690395
051515

# EXHIBIT 5

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| | |
|---|---|
| ESTTA Tracking number: | **ESTTA675588** |
| Filing date: | **06/02/2015** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

# Petition for Cancellation

Notice is hereby given that the following party requests to cancel indicated registration.

## Petitioner Information

| | | | |
|---|---|---|---|
| Name | CryoFX LLC | | |
| Entity | Limited Liability Company | Citizenship | Nevada |
| Address | 6029 Fairmount Avenue<br>San Diego, CA 92120<br>UNITED STATES | | |

| | |
|---|---|
| Attorney information | Ben T. Lila<br>MANDOUR & ASSOCIATES, APC<br>16870 W. Bernardo Drive, Suite 400<br>San Diego, CA 92127<br>UNITED STATES<br>blila@mandourlaw.com,jmandour@mandourlaw.com Phone:8584879300 |

## Registration Subject to Cancellation

| | | | |
|---|---|---|---|
| Registration No | 4648696 | Registration date | 12/02/2014 |
| Registrant | Club Cannon, LLC<br>871 Murray Avenue<br>San Luis Obispo, CA 93405<br>UNITED STATES | | |

## Goods/Services Subject to Cancellation

| |
|---|
| Class 011. First Use: 2012/03/08 First Use In Commerce: 2012/12/26<br>All goods and services in the class are cancelled, namely: Special effects apparatus, namely, a hand held nozzle and hose dispenser for producing carbon dioxide mist; Protective carrying cases and packs specially adapted for use in connection with a special effects hand held nozzle and hose dispenser |

## Grounds for Cancellation

| | |
|---|---|
| Priority and likelihood of confusion | Trademark Act section 2(d) |
| The mark is merely descriptive | Trademark Act section 2(e)(1) |

## Mark Cited by Petitioner as Basis for Cancellation

| | | | |
|---|---|---|---|
| U.S. Application/ Registration No. | NONE | Application Date | NONE |
| Registration Date | NONE | | |
| Word Mark | CLUB CANNON | | |
| Goods/Services | Special effects equipment | | |

| | |
|---|---|
| Attachments | Petition to Cancel CLUB CANNON 06-02-15.pdf(91297 bytes ) |

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

| | |
|---|---|
| Signature | /Ben T. Lila/ |
| Name | Ben T. Lila |
| Date | 06/02/2015 |

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the matter of Registration No. 4,648,696 registered on December 2, 2014.

| | |
|---|---|
| CryoFX LLC, | ) |
| | ) |
| Petitioner, | ) Cancellation No. ______________________ |
| | ) |
| v. | ) |
| | ) |
| Club Cannon, LLC, | ) |
| | ) |
| Respondent. | ) |
| ___________________________________ | ) |

## PETITION TO CANCEL

Petitioner, CryoFX LLC ("CryoFX"), a Nevada Limited Liability Company, having a business address 6029 Fairmount Ave, San Diego, CA 92120, believes that it is being damaged by U.S. Trademark Registration No. 4,648,696 and hereby petitions to cancel the same under the provisions of 15 U.S.C. § 1064. As grounds therefor, it is alleged that:

1. Petitioner CryoFX is a business that produces, markets, and sells special effects equipment.

2. Respondent Club Cannon, LLC ("Club Cannon") is the assignee and/or registrant of U.S. Trademark Reg. No. 4,648,696 for CLUB CANNON.

3. Respondent Club Cannon is also a business that produces, markets, and sells special effects equipment.

4. Petitioner has used the trademark CLUB CANNON from at least as early as November 2011 in connection with various goods, including a Carbon Dioxide ($CO_2$) powered handheld special effects cannon.

5. Respondent's U.S. Trademark Reg. No. 4,648,696 is registered in international class 011 for:

"Special effects apparatus, namely, a hand held nozzle and hose dispenser for producing carbon dioxide mist; Protective carrying cases and packs specially adapted for use in connection with a special effects hand held nozzle and hose dispenser"

6. On information and belief, respondent Club Canon did not make use of the mark CLUB CANNON prior to December 26, 2012, several years after any use by petitioner. As such, petitioner has priority of and senior use over respondent of any CLUB CANNON mark.

7. Respondent's use of the CLUB CANNON mark is likely to cause confusion with petitioner's senior use of CLUB CANNON. Thus, petitioner thus seeks to cancel respondent's registration pursuant to 15 U.S.C. § 1052(d).

8. Alternatively, petitioner alleges that respondent's use of CLUB CANNON for goods comprising a cannon used at a club is merely descriptive and not entitled to registration under 15 U.S.C. § 1052(e). As such, Trademark Registration No. 4,648,696 should be cancelled.

9. On or about May 21, 2015, respondent served a letter on petitioner alleging infringement and damages based on petitioner's use of CLUB CANNON.

10. Furthermore, petitioner believes that respondent's maintenance of the CLUB CANNON trademark registration will result in financial and other injury and damage to petitioner in its business because respondent will have a false claim of rights to the trademarks. Moreover, petitioner's continued and legal use of its CLUB CANNON will be impaired by the continued registration by respondent.

11. By reason of the foregoing, petitioner believes that it will be damaged by respondent's registration of the CLUB CANNON trademark and prays that this Petition be sustained and U.S. Trademark Registration No. 4,648,696 be cancelled.

12. To the best of petitioner's knowledge, the name and address of the current registrant of U.S. Trademark Registration No. 4,648,696 is as follows:

Club Cannon, LLC
871 Murray Avenue
San Luis Obispo, CA 93405

WHEREFORE, Petitioner requests that U.S. Trademark Registration No. 4,648,696 be cancelled and for such other and further relief as may be deemed proper.

Date: June 2, 2015

By: /Ben T. Lila/
Ben T. Lila
MANDOUR & ASSOCIATES, APC
16870 West Bernardo Dr., Ste. 400
San Diego, CA 92127
Telephone: (858) 487-9300
Facsimile: (858) 487-9390
Email: blila@mandourlaw.com
Attorneys for Petitioner,
CryoFX LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on the below date a true and correct copy of the foregoing **PETITION TO CANCEL** was sent by first class mail, postage prepaid to:

CLUB CANNON, LLC
871 Murray Avenue
San Luis Obispo, CA 93405

Melissa Mcgann Babu
BABU LAW FIRM
1037 Mill Street
San Luis Obispo, CA 93401-2762

Jeffrey Van Hoosear
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000
Email: jeff.vanhoosear@knobbe.com

Date: June 2, 2015

/Ben T. Lila/
Ben T. Lila